Case 4:22-cv-00769-SDJ Document 1-3 Filed 09/08/22 Page 5 of 78 PageID #: 129

Suit email sent, BCLane 8/17/2022 7:53 AM

FILED
7/20/2022 3:28 PM
Kelly Ashmore
District Clerk
Grayson County

**EXHIBIT B**

CAUSE NO. CV-22-0875

| | | |
|---|---|---|
| MARK MILLHOLON | § § § § § § § § § § | IN THE DISTRICT COURT |
| | | Grayson County - 59th District Court |
| vs. | | _____ JUDICIAL DISTRICT |
| ROSCOE GATEWOOD AND THOROUGHBRED FREIGHTLINER, LLC | | GRAYSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARK MILLHOLON, sometimes hereinafter referred to as "Plaintiff"; complaining of DEFENDANT ROSCOE GATEWOOD, sometimes hereinafter referred to as "Defendant Gatewood"; AND THOROUGHBRED FREIGHTLINER, LLC, sometimes hereinafter referred to as "Defendant Thoroughbred"; and files this his Plaintiff's Original Petition.

### I.

### STATEMENT OF RELIEF SOUGHT

### AND

### DISCOVERY CONTROL PLAN

1. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively pleads he seeks monetary relief over $250,000 but not more than $1,000,000. Plaintiff intends to conduct discovery under level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.

### PARTIES

2. Plaintiff MARK MILLHOLON is a resident of Fannin County. Pursuant to Section 30.014 of the Texas Civil Practice & Remedies Code, the last three numbers of Plaintiff's Texas Drivers License are 029 and the last three numbers of his Social Security Number are 192.

3. Defendant ROSCOE GATEWOOD is an individual with his residence in Murray County, Oklahoma upon whom service of process can be obtained at 808 East Hanna, Davis, Murray County, Oklahoma, 73030.

4. Defendant THOROUGHBRED FREIGHTLINER, LLC is an Oklahoma Limited Liability Company upon which service of process may be obtained by serving Rosetta McDaniel, it's registered agent at 8816 NW 120th Street, Oklahoma City, OK 73162

### III.

### JURISDICTION AND VENUE

5. **Jurisdiction.** The Court has jurisdiction over the parties, the subject matter of the controversy, and the amount in controversy in this case. More specifically, the jurisdiction in this case is proper in Grayson County, Texas for the following reasons:

A. The Court has jurisdiction over Defendants because all or a significant part of the events that form the basis of this action occurred in Grayson County, Texas.

B. The Court has jurisdiction over the subject matter of the controversy in this case because Plaintiff's asserted causes of action are based upon actions under Texas law.

C. The Court has jurisdiction over the amount in controversy in the above numbered and styled cause because Plaintiff's asserted claims and causes of action for damages, interest, costs, and other relief are based upon actions for damages under Texas law and the damages are in excess of the minimum jurisdictional limits of the Court, exclusive of interest and costs.

D.  The Court has jurisdiction over Defendants in this case because Texas Civil Practice and Remedies Code 17.042(2) gives long-arm jurisdiction over a non-resident who commits a tort in whole or in part in this state.

6. **Venue.** Proper venue lies in Grayson County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, in that all or a substantial part of the events or omissions giving rise to the claim occurred in Grayson County, Texas and Section 15.005 of the Texas Civil Practice and Remedies Code, where venue is proper against one Defendant, the Court has venue against all Defendants.

## IV.

## BACKGROUND FACTS

7. On Tuesday, September 1, 2020, Plaintiff was driving his 2006 Dodge Caravan SXT northbound on US Highway 75 in Grayson County, Texas. At the same time, Defendant Gatewood was driving a Semi Tractor, and towing a trailer attached with a load weighing approximately 88,000 pounds, behind Plaintiff, northbound on US Highway 75 in Grayson County, Texas. As Plaintiff traveled northbound on US Highway 75, the car in front of Plaintiff came to a stop, causing Plaintiff to brake and come to a stop. As Plaintiff was stopped, Defendant Gatewood failed to maintain adequate distance between the front of his tractor rig and the rear of Plaintiff's vehicle, causing the front of his semi to crash into the rear of Plaintiff's vehicle and causing the damages more specifically referred to herein.

8. At all relevant times, Defendant Gatewood was an employee and/or agent of Defendant Thoroughbred and acted with actual and/or apparent authority from Defendant Thoroughbred such that Defendant Thoroughbred is liable for the damages suffered by Plaintiff based on the principles of vicarious liability. Furthermore, Defendant Gatewood was at all

relevant times, acting within the course and scope of his agency relationship with Defendant Thoroughbred. Pursuant to the Texas doctrine of vicarious liability, Defendant Thoroughbred is responsible for the conduct and damages caused by Defendant Gatewood, and the damages more specifically referred to herein.

9. All conditions precedent have been performed or have occurred for the recovery of the relief sought by Plaintiff.

## V.

## CAUSES OF ACTION AS AGAINST DEFENDANT GATEWOOD

10. Plaintiff would show that on the occasion in question, Defendant Gatewood violated the laws of the State of Texas as more specifically set out herein and that Plaintiff's damages were proximately caused by Defendant Gatewood's violation of state law, which constitutes negligence per se and/or general negligence.

- A. In failing when following another vehicle to maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, Defendant could safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway in violation of § 545.062 of the Texas Transportation Code;
- B. In driving his vehicle at a speed greater than was reasonable and prudent under the circumstances then existing in violation of § 545.351(a) of the Texas Transportation Code;
- C. In driving his vehicle at a speed greater than was reasonable and prudent under the conditions and having regard for actual and potential hazards then existing in violation of §545.351(b)(1) of the Texas Transportation Code;

D. In failing to control the speed of his vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care in violation of §545.351(b)(2) of the Texas Transportation Code;

E. In operating his vehicle in willful and/or wanton disregard for the safety of persons and/or property such as to constitute reckless driving in violation §545.401 of the Texas Transportation Code;

F. In failing to keep his vehicle under proper control as a reasonable and prudent driver would have done under the same or similar circumstances;

G. In failing to keep such lookout which an ordinary and prudent person would have kept under the same or similar circumstances; and

H. In driving his vehicle at rate of speed which was greater than that which an ordinary and prudent person would have driven under the same or similar circumstances.

11. Each of the above and foregoing acts and omissions, singularly or in combination with others, constitute negligence or negligence per se which proximately caused the collision and damages for which Plaintiff now sues.

## VI.

### CAUSES OF ACTION AS AGAINST DEFENDANT THOROUGHBRED

12. Plaintiff incorporates and re-urges paragraphs 1-11 above as if they had been fully set out herein, and states:

13. Plaintiff would show that on the occasion in question, Defendant Gatewood was acting within the course and scope of his employment with Defendant Thoroughbred. Defendant

Gatewood was driving a Freightliner truck to deliver products for Defendant Thoroughbred at the time of the accident, the activity for which Defendant Roscoe Gatewood was hired and paid. In addition, Defendant Gatewood's acts in operating the Freightliner truck were in furtherance of Defendant Thoroughbred's business, and accomplished the object for which Defendant Gatewood was hired. Therefore, Defendant Thoroughbred is vicariously liable for Defendant Gatewood's tortious conduct under the theory of respondent superior (*Ginther v. Domino's Pizza, Inc.*, 93 S.W.3d 300, 303 (Tex.App. – Houston [14th Dist.] 2002, no pet.))

## VII.

## DAMAGES

14. As a direct and proximate result of the Defendants' negligent acts and/or omissions, Plaintiff Mark Millhollon has suffered substantial damages for which he seeks recovery from Defendants:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of injuries resulting from the accident complained of herein, and such charges were reasonable and were usual and customary charges for such services;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Physical impairment in the past;

f. Physical impairment which, in all reasonable probability, will be suffered in the future;

g. Mental anguish in the past;

h. Mental anguish in the future; and

i. Cost of monitoring and prevention in the future.

## VIII.

## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED AT ANY PRE-TRIAL PROCEEDING AND/OR AT TRIAL

15.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice to all parties in this matter that Plaintiff intends to use any and all documents produced by any and/or all parties in discovery, attached to depositions as exhibits, or produced for inspection at deposition in this case at any pre-trial proceeding and/or at trial.

## IX.

## PLAINTIFF'S REQUEST FOR JURY TRIAL

16.     Plaintiff hereby requests a jury trial in this civil action and tenders the appropriate fee to the clerk of the court in this case. Plaintiff is entitled to a trial by jury in the above cause pursuant to the Tex. Const. Art. I Section 15, Tex. R. Civ. P. 216 and U.S. Const. Amend. VII. Plaintiff is entitled to, and hereby request, a jury of twelve jurors, as well as a valid number of alternate jurors. See Tex. Gov't Code Ann. Section 62.020.

## X.

## PLAINTIFF'S RESERVATION OF RIGHTS TO AMEND AND/OR SUPPLEMENT THIS PETITION

17.     As allowed by Tex. R. Civ. P. 45, 62, 63, 64, 65, 66, 67, 69 and other related rules, Plaintiff asserts and reserve his legal right to amend and/or supplement the allegations and other contents of this petition to conform what any additional evidence or information and/or to

respond to any or all of the pleadings of Defendants and/or any other party or parties in the above numbered and styled civil action.

## XI.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final trial, Plaintiff have and recover against both Defendants, jointly and severally:

1. Judgment against Defendants for actual damages as alleged herein;

2. Pre-judgment and post-judgment interest at the highest rate as allowed by law;

3. Cost of suit; and

4. Such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

By: */s/DavidK.Wilson*
David K. Wilson
Texas Bar No. 21672500
davidkwilsonlaw@gmail.com
David K. Wilson & Associates
2009 Independence Drive, Suite 101
Sherman, Texas 75090
Tel. 903-870-9050
Fax 903-893-3522